UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CEDRIC GREENE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> TENNESSEE BOARD OF JUDICIAL ) <br> CONDUCT, ) <br> ) <br> Defendant. ) | Civil Action No. 23-03553 (UNA) |

**MEMORANDUM OPINION**

This action, brought *pro se*, is on initial review of Plaintiff's complaint and application to proceed *in forma pauperis* (IFP). For the following reasons, the Court will grant the application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring immediate dismissal of a case upon a determination that the complaint fails to state a claim on which relief may be granted).

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

Plaintiff, a resident of Los Angeles, California, has sued the Tennessee Board of Judicial Conduct ("Board" ) in Nashville, Tennessee, based on his alleged *pro se* appearance on February 8, 2017, "in Tennessee's General Sessions Court." Compl. at 2, ECF No. 1. Plaintiff states that this case has "traveled" from the U.S. District Court in Salt Lake City, Utah, to state courts in Colorado and Tennessee. *Id.* The Colorado Supreme Court "upheld the lower levels decision," and Plaintiff "subsequently became restricted in the Colorado system at the State and Federal levels."[1] *Id.* In the Tennessee case, Plaintiff moved to dismiss "once it was obvious to [him] that he was in an environment that didn't welcome him or his case submission," *id.* at 3, as an "individual from the West Coast trying to do a case in that state," *id.* at 2. So, on March 2, 2023, a court in Davidson County, Tennessee, granted Plaintiff's motion to dismiss voluntarily and dismissed the case without prejudice. *Id.* at 2. In his demand for relief here, Plaintiff asserts that he "will seek a monetary judgment in the sum of $15,000.00" if the case "is accepted" by this Court. Compl. at 3.

Plaintiff's forum shopping is unavailing. Although the instant complaint is captioned "42 U.S. Code Section 1983 Civil Action," Plaintiff does not assert, much less allege factually, that a state actor deprived him of a right secured by the Constitution or federal law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) ("To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the

---

[1] *See Greene v. Price Self Storage West LA, LLC*, No. 2:22-cv-0524-KJM-CKD (PS), 2022 WL 2333675, at *1 (E.D. Cal. June 28, 2022) (noting that Plaintiff's " 'extraordinary history and wasteful consumption of judicial resources' has persuaded many, many federal courts to impose prefiling restrictions against him, sometimes even without warning, including federal district courts in Ohio, Texas, Nevada, Colorado, Utah, Kansas and California, and several United States Courts of Appeals," and " '[e]ven the United States Supreme Court has called out Plaintiff's abusive litigation practices and imposed pre-filing restrictions[.]' ") (citing *In re Greene*, 578 U.S. 974 (2016) (other citations omitted)).

Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."). In addition, any claim against the Board itself is "barred by Eleventh Amendment sovereign immunity."[2] *Gentry v. Tennessee Board of Judicial Conduct*, No. 17-6171, 2018 WL 11339111, at *3 (6th Cir. Mar. 26, 2018). Consequently, this case will be dismissed by separate order.

|  |  |
|---|---|
| Date: January 10, 2024 | /s/<br>CHRISTOPHER R. COOPER<br>United States District Judge |

---

[2] The Eleventh Amendment to the U.S. Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.